# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

H.H., by her parents,     *

STACEY HANSEN and     *  No. 12-203V

GABRIEL HANSEN,      *  Special Master Christian J. Moran

             *

     Petitioners,  *  Filed: August 1, 2013

            *  Reissued as Redacted: August 15, 2013

v.             *

             *

SECRETARY OF HEALTH    *  Stipulation; diphtheria-tetanus-

AND HUMAN SERVICES,    *  acelluar pertussis (DTaP) vaccine;

            *  inactivated poliovirus (IPV) vaccine;

     Respondent.  *  encephalopathy

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

William E. Cochran, Jr., Black, McLaren, et al., Memphis, TN, for Petitioners;
Ryan D. Pyles, United States Department of Justice, Washington, D.C., for Respondent.

## UNPUBLISHED DECISION[1]

On July 30, 2013, respondent filed a joint stipulation concerning the petition for compensation filed by Stacey and Gabriel Hansen on March 29, 2012. In their petition, petitioners alleged that the diphtheria-tetanus-acelluar pertussis ("DTaP") and inactivated poliovirus ("IPV") vaccines, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which their daughter H.H. received on or about April 1, 2011, caused her to suffer an encephalopathy. Petitioners further allege that H.H. suffered the residual effects of this injury for more than six months. Petitioners represent that there has been no prior award or settlement of a civil action for damages on H.H.'s behalf as a result of her condition.

Respondent denies that H.H. suffered from an encephalopathy and denies that the DTaP and/or IPV immunizations caused H.H.'s alleged encephalopathy, and/or any other injuries.

---

[1] When this decision was originally issued, the parties were notified that the decision would be posted in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). Petitioners were also notified that they could seek redaction pursuant to § 300aa-12(d)(4)(B); Vaccine Rule 18(b). Petitioners made a timely request for redaction and this decision is being reissued with the name of the vacinee redacted to her initials. Petitioners, however, did not provide a redacted stipulation with their redaction request. The attached stipulation (Appendix A) has been redacted in accordance with petitioners' request.

Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

A. **A lump sum payment of $7,288.45,** which amount represents reimbursement of a State of Mississippi Medicaid lien, **in the form of a check payable jointly to petitioners and**

**State of Mississippi**
**Division of Medicaid**
**ATTN: Carolyn Hall-Williams**
**Walter Sillers Building, Ste. 1000**
**550 High St.**
**Jackson, MS 39201**
**RE: Beneficiary H.H.**

Petitioners agree to endorse this payment to the State;

B. **A lump sum of $5,000.00**, representing compensation for past unreimbursable expenses, **in the form of a check payable jointly to petitioners, Stacey Hansen and Gabriel Hansen**; and

C. **A lump sum of $52,429.49 in the form of a check payable to petitioners as guardians of the estate of H.H.** This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 12-203V according to this decision and the attached stipulation.[2]

Any questions may be directed to my law clerk, Tucker McCarthy, at (202) 357-6392.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

███████████ by her parents, STACEY
HANSEN and GABRIEL HANSEN,

      Petitioners,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

      Respondent.

No. 12-203V
Special Master Christian J. Moran
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their daughter, ███████████, petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to ████ receipt of the diphtheria-tetanus-acellular pertussis (DTaP) and inactivated poliovirus (IPV) vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. ████ received her immunizations on or about April 1, 2011.

3. The vaccines were administered within the United States.

4. Petitioners allege that ████ immunizations, either singly or in combination, caused her to develop an encephalopathy, and that she experienced residual effects of this injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of ████ as a result of her condition.

1

6. Respondent denies that ▮▮▮▮ suffered from an encephalopathy and denies that the DTaP and/or IPV immunizations caused ▮▮▮▮ alleged encephalopathy, and/or any other injuries.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a. A lump sum of $7,288.45, which amount represents reimbursement of a State of Mississippi Medicaid lien, in the form of a check payable jointly to petitioners and

State of Mississippi
Division of Medicaid
ATTN: Carolyn Hall-Williams
Walter Sillers Building, Ste. 1000
550 High St.
Jackson, MS 39201
RE: Beneficiary ▮▮▮▮▮▮

Petitioners agree to endorse this payment to the State;

    b. A lump sum of $5,000.00, representing compensation for past unreimbursable expenses, in the form of a check payable jointly to petitioners, Stacey Hansen and Gabriel Hansen; and

    c. A lump sum of $52,429.49 in the form of a check payable to petitioners as guardians of the estate of ▮▮▮▮▮▮. This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before

2

the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of █████ as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of █████ estate under the laws of the State of Mississippi. No payment pursuant to the Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of █████ estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of █████ at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator

3

of the estate of ██████████ upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraph 8 and any amount awarded pursuant to paragraph 9, petitioners, in their individual capacities and as legal representatives of ██████ on behalf of themselves, ██████ and ██████ heirs, executors, administrators, successors and/or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of ██████ resulting from, or alleged to have resulted from, the vaccinations administered on or about April 1, 2011, as alleged by petitioners in a petition for vaccine compensation filed on or about March 29, 2012, in the United States Court of Federal Claims as petition No. 12-203V.

15. If ██████ should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except

4

as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the DTaP and/or IPV vaccines, either singly or in combination, caused ███████ alleged encephalopathy, and/or any other injury.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of ████████ ██████

END OF STIPULATION

Respectfully submitted,

PETITIONERS:

_Stacey Hansen_
STACEY HANSEN

_Gabriel C Hansen_
GABRIEL HANSEN

ATTORNEY OF RECORD FOR
PETITIONERS:

MICHAEL G. McLAREN
BLACK McLAREN JONES RYLAND & GRIFFEE
530 Oak Court Drive, Ste. 360
Memphis, Tennessee 38117
(901) 762-0535

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

VITO CASERTA, M.D., M.P.H.
Acting Director, Division of
Vaccine Injury Compensation (DVIC);
Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

RYAN D. PYLES
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-9847

Dated: _July 30, 2013_

6